UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KELVIN FRAZIER,

                Petitioner,

vs.                      Case No.  2:11-cv-551-FtM-99SPC

MICHAEL D. CREWS, SEC'Y, FLA. DEP'T
OF CORRECTIONS,

                Respondent.[1]

---

## OPINION AND ORDER

### I. Status

Petitioner, Kelvin Frazier, proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, Petition) on September 20, 2011.[2] The Petition challenges Petitioner's 1985 plea-based state court judgment of conviction for first degree murder entered in the Twentieth Judicial Circuit Court, Collier County, Florida (case no. 85-193CF), for which Petitioner is serving a term of life

---

[1] On December 17, 2012, Michael Crews was appointed by Governor Scott as Secretary of the Florida Department of Corrections. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael Crews is substituted as the proper party Defendant for Ken Tucker.

[2] The Petition (Doc. #1) was filed in this Court on September 26, 2011; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (September 20, 2011). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

imprisonment.  The Petition sets forth two grounds for relief: (1) the trial court lacked jurisdiction because the indictment failed to allege al the essential elements of the offense; and (2) the trial court lacked jurisdiction because the indictment was not properly sworn.  See generally Petition.

Respondent contends that the Petition is untimely filed.  See Motion to Dismiss Petition as Time-Barred, incorporated in Respondent's Limited Response (Doc. #36, Response).  Respondent submits exhibits in support of its Response (Exhs. 1-43). Petitioner was given admonitions and a time frame to file a Reply to the Response.  See Order of Court (Doc. #15).  On January 22, 2013, Petitioner filed a Reply to the Response (Doc. #39) with exhibits (Exhs. A-D).  This matter is ripe for review.

## II.  AEDPA and Procedural History

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment
to filing an application created by
State action in violation of the
Constitution or laws of the United
States is removed, if the applicant
was prevented from filing by such
State action;

(C) the date on which the
constitutional right asserted was
initially recognized by the Supreme
Court, if the right has been newly
recognized by the Supreme Court and
made retroactively applicable to
cases on collateral review; or

(D) the date on which the factual
predicate of the claim or claims
presented could have been discovered
through the exercise of due
diligence.

(2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the
pertinent judgment or claim is pending shall
not be counted toward any period of limitation
under this subsection.

28 U.S.C. § 2244(d).

In the instant case, because Petitioner's sentence and
conviction were *per curiam* affirmed on December 30, 1986, Exh. 8,
which was <u>before</u> the effective date of the one-year AEDPA's
limitations period, the one-year limitations period did not start
to run until April 24, 1996. <u>See</u> <u>Guenther v. Holt</u>, 173 F.3d 1328,
1331 (11th Cir. 1999)("For prisoners whose convictions became final
prior to the effective date of the AEDPA, the one-year statute of
limitations instituted by the AEDPA began to run on its effective
date, <u>i.e.</u>, April 24, 1996")(citations omitted), <u>cert. denied</u>, 528

U.S. 1085 (2000). Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on April 24, 1997. Consequently, the instant Petition, which was filed in this Court on September 20, 2011, is untimely unless Petitioner availed himself of one of the statutory provisions which extends or tolls the one-year time period.

Here, Petitioner's first collateral motion, construed as a motion to correct sentencing error under Florida Rules of Criminal Procedure 3.800(a), was signed and delivered to correctional officials for mailing by Petitioner on June 13, 2002. Exh. 11. In this motion, Petitioner argued that he should have been afforded a juvenile adjudication hearing and complained the trial court should have made written findings to support the imposition of adult sanctions. Id. After, the State filed a response, Exh. 13, the post conviction court denied the motion. Exh. 14. The appellate *per curiam* affirmed on February 21, 2003. Exh. 16. Mandate issued on March 18, 2003. Exh. 16.

Petitioner next filed a motion for post conviction relief pursuant to Florida Rules of Criminal Procedure 3.850 on August 4, 2004. Exh. 17. Petitioner raised three ineffective assistance of counsel claims and one claim that the trial court should have made written findings. Id. The post conviction court dismissed the motion as "legally insufficient" finding that: 1) another prisoner (Jeremiah Johnson) had filed and signed the motion; and, 2) the

-4-

motion was untimely, having been filed well after Rule 3.850's two year time limitation. Exh. 18.

Petitioner then filed a second motion for post conviction relief on February 28, 2010. Exh. 20. Petitioner argued that he had newly discovered evidence that his indictment was defective and that he was actually innocent. Id. The post conviction court summarily denied the motion, finding that such a claim was not one of newly discovered evidence because the basis of the claim was known to Petitioner before he entered his plea. Exh. 21. The appellate court *per curiam* affirmed with citations on September 29, 2010. Exh. 25. Petitioner's motion for rehearing was denied. Exh. 25. Mandate issued on November 22, 2010. Exh. 25.

Petitioner filed a motion to compel documents on October 5, 2011, Exh. 26, which the post conviction denied. Exh. 27. The appellate court *per curiam* affirmed with citations on May 30, 2012. Exh. 30. Petitioner's motion for rehearing was denied. Exh. 30. Mandate issued on July 23, 2012. Exh. 30.

On February 1, 2012, the post conviction court again addressed Petitioner's 2010 second motion for postconviction relief. Exhs. 31, 32. The court explained that Petitioner's argument that his plea was involuntary because he was only seventeen when he entered the plea was not a newly discovered evidence claim. Exh. 32. The appellate court *per curiam* affirmed on August 1, 2012. Exh. 35. Petitioner's motion for rehearing was denied, and mandate issued on

November 2, 2012.  Exh. 35.  The Florida Supreme Court dismissed Petitioner's request for discretionary review for lack of jurisdiction.  Exh. 36.

Petitioner filed a third motion for post conviction relief on June 20, 2010, arguing that his indictment was not properly sworn. Exh. 37.  Petitioner filed a fourth motion for postconviction relief on February 23, 2012, arguing that his confession was coerced.  Exh. 38.  The post conviction court entered an order on April 16, 2012, which appears to be a dismissal of both motions because it addresses arguments made in both motions and finds Petitioner did not raise a new constitutional fundamental right. Exh. 39.  As of the date on the Response, Petitioner's appeal of the post conviction court's April 16, 2012 Order remained pending in the appellate court.  Exh. 40.

In November 1996, February 1997 and July 2011, Petitioner filed federal habeas petitions.  Exhs. 41, 42, 43.  None of these petitions were decided on the merits.  Id.[3]

---

[3]In case number 3:96-cv-1148-HES-JES the Petition was dismissed without prejudice to give Petitioner an opportunity to exhaust his state remedies.  See order dated November 15, 1996 (Doc. #4).  In case number 3:97-cv-130-HES-HTS the Petition was dismissed without prejudice.  See order dated March 17, 1997 (Doc. #4).  In case number 2:11-cv-466-29SPC the Petition was dismissed without prejudice for Petitioner's failure to sign the Petition.  See order dated September 12, 2011 (Doc. #6).

### III. Statutory Tolling

Based upon the procedural history, the Court finds the Petitioner cannot avail himself of any statutory tolling for his post conviction motions. More specifically, Petitioner did not file any motions for post conviction relief until <u>after</u> April 24, 1997, the date the federal one-year limitation period expired in Petitioner's case. None of Petitioner's post conviction motions triggered § 2244(d)(2) because they were filed after AEDPA expired, and a motion filed following the expiration of the federal limitations period "'cannot toll [the federal limitations] period because there is no period remaining to be tolled.'" <u>Tinker v. Moore</u>, 255 F.3d 1331, 1333 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1144 (2002)(quoting <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)). <u>See also</u> <u>Moore v. Crosby</u>, 321 F.3d 1377, 1381 (11th Cir. 2003)(stating that "[w]hile a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."). Further, although Petitioner had filed previous federal habeas petitions, the time in which any of these federal habeas petition was pending does not toll the one-year limitation period. <u>See</u> <u>Duncan v. Walker</u>, 121 S. Ct. 2120 (2001) (holding that an application for federal habeas corpus

review *does not* toll the one-year limitation period under §2244(d)(2)).

Petitioner attempts to avoid the one-year limitations bar by arguing that his claims are based on newly discovered evidence. In particular, Petitioner challenges his conviction based on deficiencies in the indictment. See generally Petition. Petitioner claims that State Attorney William H. Dearborn, "is an imposter" and "no oath of office exist[s] for him in 1985." Reply at 2. Thus, the indictment was not properly sworn to when presented to the grand jury. Id. Petitioner also challenges the indictment on the grounds that it "fail[ed] to state a material element of the offense." Id. at 4. As noted, *supra*, the post conviction court found that Petitioner's claims first raised in 2010, challenging the sufficiency of the indictment, did not constitute newly discovered evidence. See Exh. 21.

In certain instances, the limitation period may run from a date later than the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(B)-(D). These triggers include the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). However, to warrant application of § 2244(d)(1)(D), Petitioner must demonstrate that he exercised due diligence in his search for the factual predicate of his claims. The Eleventh Circuit has held that an application that "merely

alleges that the applicant did not actually know the facts underlying . . . his claim" is not sufficient to show due diligence. <u>In re Boshears</u>, 110 F.3d 1538, 1540 (11 Cir. 1997). Instead, the proper inquiry is "whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are 'newly discovered.'" <u>Id.</u> (citation omitted).[4] Here, Petitioner was indicted on February 28, 1985. Exh. 2. Clearly the indictment and its contents could have been discoverable at any time in the last twenty five years. Petitioner cannot deny that he was aware of the substance of the indictment at time he entered his plea. Further, Petitioner provides no explanation as to why he waited until May 2010 to attempt to discover any facts in support of his claims. Consequently, the Court finds Petitioner has not demonstrated that his claims are based upon newly discovered evidence.

### IV. Equitable Tolling

---

[4]It appears that Petitioner sent a letter to the Florida Department of State, Division of Elections, in May 2010. Reply, Exh. D. On May 27, 2010, Petitioner received a letter back from the Florida Department of State enclosing unspecified information and advising Petitioner that the State does not maintain files for assistant attorney appointments filed before 1999. Exh. C. Petitioner apparently interpreted the State's response that they do not maintain records prior to 1999 to imply that Assistant State Attorney Dearborn was not appointed at the time of Petitioner's trial in 1995.

In this case, Petitioner does not articulate any justifiable reason[5] why he should be entitled to equitable tolling and why the dictates of the one-year limitations period should not be imposed upon him. See <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004)(stating "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]"). Petitioner's apparent position is that the one-year limitations period is not applicable to his case because the state court was without jurisdiction due to the alleged deficiencies in the indictment. See <u>generally</u> Reply. Petitioner cites to no authority for this proposition.   See <u>generally</u> <u>Id.</u>   Indeed, opposite authority existsMay 1, 2013. <u>Davis v. Sec'y, Fla. Dep't of Corr.</u>, Case No. 8:09-cv-702-T-30MAP, 2009 WL 4730548, *1 (M.D. Fla. Dec. 7, 2009)(finding "[t]here is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction

---

[5] Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Johnson v. United States</u>, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), <u>aff'd</u>, 544 U.S. 295 (2005).   The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." <u>Id.</u> (citations omitted); <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir.  2004)(citations omitted).   Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily.   <u>Howell v. Crosby</u>, 415 F.3d 1250 (11th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1059 (2006); <u>Wade</u>, 379 F.3d at 1265 (citation omitted).

because the indictment was defective."); <u>Johnson v. Jones</u>, Case No. 3:06-cv-071-WHA, 2006 WL 2092601 *2 (M.D. Ala. July 27, 2006)(rejecting petitioner's argument that a defective indictment is not governed by the one-year limitation period and stating "[n]either 28 U.S.C. § 2244(d) nor federal case law, however, makes such an exception for jurisdictional issues arising under state law."); <u>Crumpton v. Patterson</u>, Case No. 11-cv-0086-WS-C, 2011 WL 4482878 *8 (S.D. Ala. Sept. 9, 2011)(holding jurisdictional issues are not exempt from one-year limitation period). <u>See also United States v. Williams</u>, Case No. 5:08-cv-195-RS-WCS, 2009 WL 3230399, *8 (N.D.Fla. Oct. 2, 2009)(in the context of a § 2255 finding "[j]urisdiction is specifically listed as a ground for § 2255 relief, and is not excluded from [ ] the one year limitations period of § 2255(f) [.]"), <u>aff'd</u>, 383 F. App'x 927 (11th Cir. June 21, 2010), <u>cert. denied</u>, ___ U.S. ___, 131 S.Ct. 846, 178 L.Ed.2d 575 (2010).

The Court further finds that Petitioner has not made a showing of actual innocence. He has failed to present any new evidence which would establish that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. <u>See Sibley v. Culliver</u>, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence")(citations

-11-

omitted).   In this context, "actual innocence" means factual innocence, not mere legal insufficiency.  Sawyer v. Whitley, 505 U.S. 333, 339 (1992).

Based upon the foregoing, the Court find that the Petition is untimely.   Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1.   Respondent's Motion to Dismiss Petition as Time-Barred, incorporated in Respondent's Limited Response (Doc. #36) is **GRANTED** and the Petition is **DISMISSED** with prejudice.

2.   The **Clerk of the Court** shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.   A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To

make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Orlando, Florida, on this ____ day of May, 2013.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record

-13-